IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DEANNA MAGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-00820-MDH |
| | ) |
| MICHELLE KING, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Social Security Disability Benefits. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and the decision is **AFFIRMED**.

## BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the parties' briefs, so they are not repeated here. The ALJ found Plaintiff suffered from severe impairments of lumbar degenerative disc disease, status-post remote lumbar surgeries; cervical degenerative disc disease/stenosis, status-post cervical surgery; cervical radiculopathy; bilateral shoulder osteoarthritis; idiopathic peripheral neuropathy; migraines; depression; generalized anxiety disorder; PTSD; drug abuse; and a history of alcohol abuse. After finding Plaintiff's impairments did not meet or equal a listed impairment, the ALJ determined that Plaintiff retained the following residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 CFR 416.967(a) except: She can lift, carry, push, and pull 10 pounds occasionally and less than 10 pounds frequently; can stand and/or walk, off and on, for 2 hours during an 8-hour workday, but no

1

more than 30 minutes at one time. Can sit for 6 hours during an 8-hour workday with standard breaks; can never crawl, or climb ladders, ropes or scaffolds; can occasionally stoop, kneel, crouch, or climb ramps or stairs; cannot tolerate any overhead reaching; can frequently handle and finger; can avoid ordinary workplace hazards, but should have no more than occasional exposure to hazards such as unprotected heights; cannot tolerate use of vibrating tools; cannot work in an environment that allows direct access to drugs or to alcoholic beverages such as work in a hospital or pharmacy or as a bartender; can tolerate only occasional exposure to more than a moderate noise intensity level as defined in the Dictionary of Occupational Titles/Selected Characteristics of Occupations; can understand, remember, carry out, and maintain pace for simple or detailed, but not complex, work tasks; can tolerate ordinary levels of supervision in the customary workplace, and can tolerate occasional interaction with co-workers and the general public; can work at a regular pace, but cannot perform fast-paced assembly-line production work; can tolerate frequent changes in a routine work setting or work duties.

The ALJ found Plaintiff had no past relevant work. The ALJ then relied on the vocational expert testimony to find that Plaintiff could perform other work as an addresser, eyeglass frames polisher, or weight tester. Plaintiff argues on appeal that the ALJ's 16-3p analysis is not supported by substantial evidence. Specifically, Plaintiff argues the ALJ failed to identify inconsistencies between Plaintiff's testimony and the record.

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g). "The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" *Id.* at 1154. "It means—

and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007).

## DISCUSSION

After full and careful review of the record and briefs, the Court finds the ALJ's findings are supported by substantial evidence in the record as a whole. Plaintiff argues the ALJ's finding that Plaintiff's reported symptoms and limitations related to her migraines were not consistent with the evidence is not supported by substantial evidence.

First, the Court has thoroughly reviewed the administrative record before the Court, including the medical records, hearing testimony, and the ALJ's opinion. The Court finds that the

ALJ's determination is supported by substantial evidence in the record as a whole and was within the available "zone of choice." The ALJ provided a lengthy analysis of the medical opinion evidence and properly addressed Plaintiff's physical limitations, in light of the medical records, work history, daily activities, and hearing testimony. The Court gives great deference to the ALJ's determination as it falls within an acceptable "zone of choice" of the finder of fact.

Further, the Court finds the ALJ applied the appropriate legal framework in analyzing the record and evidence. The Court finds the ALJ's determination is supported by substantial evidence. Finally, the Court finds the ALJ did not err in assessing Plaintiff's credibility.

## CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence on the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated: February 18, 2025          */s/ Douglas Harpool*
                                  **DOUGLAS HARPOOL**
                                  **UNITED STATES DISTRICT JUDGE**